UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JENISE M. CHAPMAN** | * | CIVIL ACTION NO. |
| *Plaintiff* | * | |
| | * | SECTION: |
| **VERSUS** | * | |
| | * | JUDGE: |
| **SHAD E. LANE, ROGERS TRUCKING, INC.,** | * | |
| **AND GREAT WEST CASUALTY COMPANY** | * | MAG. JUDGE: |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORIGINAL COMPLAINT

NOW INTO COURT, by and through undersigned counsel, comes Jenise M. Chapman, made Petitioner herein, who is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who alleges and avers as follows:

### PARTIES

1. The following parties, made Defendants in this lawsuit, are made liable unto your petitioner, in an unspecified amount, together with legal interest thereon from the date of judicial demand for the following reasons:

   a. **SHAD E. LANE**, a person of the full age of majority, who is believed to be a resident of and domiciled in Bradford County, Florida;

   b. **ROGERS TRUCKING, INC.,** a non-Louisiana corporation authorized to do business and in fact doing business in the State of Louisiana; and

   c. **GREAT WEST CASUALTY COMPANY,** a non-Louisiana insurance company authorized to do business and in fact doing business in the State of Louisiana.

### JURISDICTION AND VENUE

2. Petitioner Jenise M. Chapman is a citizen of the State of Louisiana.

3. Defendant Shad E. Lane is a citizen of the State of Florida.

4. Defendant Rogers Trucking, Inc. is a business entity incorporated under the laws of the State of Kentucky and with its principal place of business in the State of Kentucky.

5. Defendant Great West Casualty Company is a business entity incorporated under the laws of the State of Nebraska and with its principal place of business in the State of Nebraska.

6. The amount in controversy exceeds $75,000.00, excluding interest, costs and attorney fees.

7. Pursuant to 28 U.S.C. § 1332, this Honorable Court has jurisdiction over this matter because there is complete diversity and the amount in controversy exceeds $75,000.00, excluding interest, costs and attorney fees.

8. Venue is proper in this Honorable Court as all actions giving rise to this *Original Complaint* occurred in the Parish of Orleans, State of Louisiana.

## FACTS

9. On or about October 7, 2021, your Petitioner, Jenise M. Chapman, was the properly restrained driver of a 2013 Chevrolet Equinox, traveling eastbound on Elysian Fields Avenue toward St. Claude Avenue.

10. At the same time, Defendant Shad E. Lane was operating a 2016 Volvo Tractor Truck, with trailer attached, traveling westbound on Elysian Fields Avenue toward St. Claude Avenue.

11. The traffic signal controlling the eastbound flow of traffic on Elysian Fields Avenue was green as your petitioner reached the intersection of Elysian Fields Avenue and St. Claude Avenue.

12. Your petitioner proceeded straight on Elysian Fields Avenue to enter the intersection under the green signal when, suddenly and without warning, your petitioner was struck

by Defendant Shad E. Lane as he attempted to execute an illegal left turn from westbound Elysian Fields Avenue onto southbound St. Claude Avenue.

13. The New Orleans Police Department responded to the scene of the accident.

14. Defendant Shad E. Lane was issued a citation for careless operation, improper turn, and disregarding a red light signal.

## **NEGLIGENCE AND BASIS FOR LIABILITY**

15. The specific acts of negligence on the part of Defendant Shad E. Lane, whose negligence was the sole and proximate cause of this accident include, but are not limited to, the following, to-wit:

    a. Failure to use reasonable vigilance;

    b. Failure to maintain a proper look out;

    c. Careless/reckless operation of a motor vehicle;

    d. Improper turn;

    e. Disregarding traffic control signals;

    f. Any and all other acts of negligence and/or imprudence and/or lack of care, which may be proven during the investigation and/or at the trial of this matter.

16. Your petitioner alleges on information and belief that at all times pertinent hereto, the vehicle driven by Defendant Shad E. Lane was owned by Defendant Rogers Trucking, Inc. and Defendant Shad E. Lane was acting within the course and scope of his employment.

17. Your petitioner further alleges that Defendant Rogers Trucking, Inc. was negligent in the following respects:

    a.    Negligent entrustment of the 2016 Volvo Tractor Truck, with trailer attached, to Defendant Shad E. Lane;

    b.    Failure to properly train its' employee; and

    c.    Any and all other acts of negligence and/or imprudence and/or lack of care, which may be proven during the investigation and/or the trial of this matter.

18.    Your petitioner further alleges that the vehicle operated by Defendant Shad E. Lane and owned by Defendant Rogers Trucking, Inc. was covered by a policy of insurance assigned policy number CL1982847366 that was sold and delivered by Defendant Great West Casualty Company, which policy was then in full force and effect by virtue of the payment of premiums and otherwise on the date and time of the accident described herein.

19.    Your petitioner further alleges on information and belief that under the terms of said policy, Defendant Great West Casualty Company obligated itself to pay any and all damages caused to others as a result of the negligence of Defendant Shad E. Lane and/or Rogers Trucking Inc., in the operation of said vehicle.

20.    Defendants Shad E. Lane, Rogers Trucking, Inc., and Great West Casualty Company are therefore jointly, severally, *in solido*, and truly indebted unto your petitioner for all damages as are reasonable under the premises, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

## **DAMAGES**

21.    As a result of this accident, your Petitioner sustained severe bodily injuries including, but not limited to, injuries to her cervical spine, lumbar spine, left shoulder, left arm, and left knee.

22. As a result of the aforementioned accident, your petitioner has suffered damages including but not limited to, pecuniary compensation, medical expenses, mental anguish, loss of enjoyment of life, physical pain and suffering and inconvenience.

23. In addition to compensatory damages, your petitioner claims interest at the maximum legal rate from October 21, 2021, or as allowed by law, on the damages she has suffered as a result of the accident made subject of this litigation prior to entry of judgment and subsequent to the entry of judgment.

## JURY DEMAND

24. Your petitioner respectfully requests that a jury be convened to try the factual issues of this matter.

## PRAYER

**WHEREFORE**, Petitioner Jenise M. Chapman demands judgment against Defendants Shad E. Lane, Rogers Trucking, Inc., and Great West Casualty Company as follows:

   a. Awarding actual and exemplary damages to Petitioner Jenise M. Chapman in an amount in excess of Seventy-Five Thousand Dollars and 00/100 ($75,000.00);

   b. Awarding pre-judgment and post-judgment interest to Petitioner;

   c. Awarding the cost and expenses, including reasonable attorney fees, of this litigation to Petitioner; and

   d. Granting all such other relief as the Court deems necessary, just, and proper.

Respectfully Submitted:

H.L. HARPER & ASSOCIATES, L.L.C.

*/s/ Hope L. Harper*
_____
HOPE L. HARPER, LSBA# 33173 (T.A.)
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (855) 880-4673
Fax:    (504) 322-3807
Email: hharper@hlharperandassociates.com

*and*

EDWIN M. SHORTY, JR. & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

*/s/ Edwin M. Shorty, Jr.*
_____
EDWIN M. SHORTY, JR., LSBA # 28421
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (504) 207-1370
Fax:    (504) 207-0850
Email: eshorty@eshortylawoffice.com

**COUNSEL FOR PETITIONER, JENISE M. CHAPMAN**

## CERTIFICATE OF SERVICE

I certify that on this the 1st day of August 2022, a copy of the foregoing *Original Complaint* was filed with the clerk of court using the CM/ECF system. Notice of the filing of the *Original Complaint* shall be served upon all parties in accordance with the Federal Rules of Civil Procedure.

*/s/ Hope L. Harper*
_____
HOPE L. HARPER